IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER ODUYA, | * | |
|     *Pro Se* Plaintiff, | * | |
| v. | * | Civil Case No. RDB-07-1467 |
| GRACE WATTS, | * | |
|     Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Walter Oduya ("Oduya" or "Plaintiff"), formerly employed in the Clerk's Office of the Circuit Court for Baltimore City, Maryland, has brought this employment discrimination action against Grace Watts ("Watts" or "Defendant"), a Human Resource Specialist for the Circuit Court for Baltimore City.  Plaintiff alleges that the Defendant discriminated against him on the basis of race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.  Pending before the Court are Defendant's Motion to Dismiss and Plaintiff's two Motions for Summary Judgment.  For the reasons stated below, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motions for Summary Judgment are MOOT.

## BACKGROUND

The facts are viewed in a light most favorable to the Plaintiff.  In addition, *pro se* litigants are held to a less stringent standard than trained attorneys and their pleadings must be afforded generous construction.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Walter Oduya was employed as a clerk in the Circuit Court for Baltimore City.  (Compl. Attach. p. 1.)  The exact dates of his employment are unclear, but the events leading to this lawsuit took place from

approximately April of 2000 to June 9, 2006.  (Compl. ¶ 7.)

Oduya alleges that he applied for a promotion to one of two vacancies in November or December 2005 and was denied a promotion.  (*Id*. ¶ 4.)  Instead, he was told by the "clerk's campaign manager" that he could be fired.  (*Id*.)  Oduya also claims that he was harassed and discriminated against by his co-workers for failing to attend church with them, failing to contribute to religious and political leaders' campaigns, and being "too rich" to work at the courthouse.  (*Id*. ¶ 6.)  He further alleges that he experienced stress and developed hypertension and delusions as a result of the harassment.  (*Id*.)  Oduya's employment was terminated on June 9, 2006.  (*Id*. ¶ 4.)

In 2006,[1] Oduya filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Human Relations Commission.  (*Id*. ¶ 9.)  The EEOC notified him of his right to sue on May 8, 2007.  (*Id*. at Attach. p. 14)  Plaintiff filed a Complaint with the Court on June 5, 2007 alleging that he was denied a promotion and fired based on his race, religion, and/or national origin.[2]

Defendant filed a Motion to Dismiss (Paper No. 7) on July 23, 2007, contending that

---

[1] The Complaint states that the charge of discrimination was filed on July 1, 2005. However, it appears from the EEOC's Notice of Charge of Discrimination that Oduya actually filed the charge in the summer of 2006.  (*See* Compl. Attach. p. 16.)  Thus, it is unclear if the Plaintiff meant to write "July 1, 2006" or if he had filed a second EEOC complaint a year prior to his termination.  Regardless, the exact date does not affect this Court's analysis of the Defendant's Motion to Dismiss.

[2] Plaintiff filled in a form complaint that includes lines to indicate a claim under, *inter alia*, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*  Although Plaintiff included his birth date on this line, he makes no allegations supporting a claim of wrongful termination or discrimination due to age.

2

Plaintiff had failed to state a claim.[3]  Plaintiff responded with a Motion to Grant Summary Judgment Not Dismissal on August 10, 2007.  (Paper No. 11.)  In a later filing with the Court, Plaintiff alleges that he suffers a brain injury as a result of taking an anti-depressant prescribed by his doctor after he was told to visit the doctor by his employer.  (Paper No. 14.)  Finally, on November 29, 2007, Oduya filed a second Motion to Grant Summary Judgment.  (Paper No. 15.)

DISCUSSION

**I.     Standard of Review**

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  The Supreme Court recently noted that a complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The Court further held that "once a claim

---

[3] Although Defendant does not cite directly to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is clear from her motion that she contends Plaintiff has failed to state a claim. Therefore, this Court will treat the Motion to Dismiss as one brought pursuant to Rule 12(b)(6).

3

has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## II. Analysis

Defendant Grace Watts has moved to dismiss all claims on two grounds: 1) that Defendant was not Plaintiff's "employer" under the meaning of Title VII; and 2) that Plaintiff has not alleged a *prima facie* case of discrimination. Because the first argument provides an adequate ground for dismissal, the Court need not reach the second argument.

It is well settled that Title VII liability extends to "employers," not employees acting in their individual capacities. *See Lissao v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). The Circuit Court for Baltimore City was clearly Plaintiff's employer, not Grace Watts, a human resource specialist for the court. Therefore, the only potential defendant in this case would be the State of Maryland, because state courts are entities of the State. *See* MD. CONST. art. IV, § 1. Accordingly, Plaintiff has failed to state a claim against Defendant Grace Watts and her Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED and the complaint is dismissed with prejudice. Plaintiff's Motions for Summary Judgment are MOOT. A separate order follows.

Date: December 3, 2007

/s/
Richard D. Bennett
United States District Judge